MARY E. COFFEY *vs.* WEST ROXBURY TRAP ROCK COMPANY.

Suffolk. December 6, 1917. — January 5, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* In blasting. *Evidence,* Circumstantial.

In an action against a corporation that had been engaged in blasting for the construction of a sewer for alleged damage to the plaintiff's house by an explosion, if there is evidence that the defendant had been using dynamite, that the explosion took place where the sewer was in process of construction and that there was no other blasting in the vicinity at the time, that the explosion was unusual and extraordinary and that the plaintiff's building was shaken and the walls and ceilings cracked, and if there also is evidence that with a proper blast, properly set, there would be no cracking of walls in the adjoining premises, the case is for the jury, who would be warranted in finding that the explosion occurred in the sewer that was being constructed by the defendant and that the defendant was careless in doing the blasting.

TORT against a corporation engaged in constructing a sewer in Judson Street in the part of Boston called Roxbury for damage done on May 15, 1915, to the plaintiff's house numbered 28 on Judson Street alleged to have been caused by negligent blasting by the defendant. Writ dated October 20, 1915.

In the Superior Court the case was tried before *Brown,* J. The

evidence is described in the opinion. At the close of the evidence the defendant asked the judge to make the following rulings:

"1. That upon all the evidence the verdict must be for the defendant.

"2. That there is no evidence sufficient to warrant the finding that the defendant, its agents or servants, were guilty of negligence in carrying on their blasting operations.

"3. That there is no evidence to warrant the jury in finding that the defendant failed to take any precautions in the conduct of its blasting operations which should have been taken by any reasonable and prudent man engaged in and acquainted with such work under similar conditions."

The judge refused to make any of these rulings. He submitted the case to the jury, concluding his charge as follows: "Now you are to take all the testimony, conflicting testimony, and find out who is telling the probable story, the reasonable story, the true story, and when you have determined that, why you have settled the difficulties in this case. If you find it was negligent blasting and it caused these cracks that the plaintiff complains of, then she is entitled to recover; if it was not negligent blasting or did not cause these cracks she cannot recover, that is all there in is the case."

The jury returned a verdict for the plaintiff in the sum of $550; and the defendant alleged exceptions.

*C. H. Cronin,* for the defendant.

*C. W. Rowley,* (*W. M. Robinson* with him,) for the plaintiff.

CARROLL, J. The plaintiff was the owner of a house on Judson Street, Roxbury, which she alleged was injured by reason of the negligence of the defendant while engaged in blasting for a sewer. There was a verdict for the plaintiff.

The plaintiff asserted that the blast occurred between "7:30 and 8 A. M." on May 15, 1915. The defendant's witness testified that at this time it was engaged in concreting; that no blasting ever was done before eight o'clock in the morning and that none was done in front of the plaintiff's house after May 8, 1915; that no explosion occurred in the defendant's trench or about it on May 15; and that at no time did the earth side of the trench cave in or was the street disturbed by any explosion. It was agreed that the defendant contracted to build a sewer through Judson

Street in front of the plaintiff's premises; that in order to do the work it was necessary to blast rock; and for this purpose dynamite was used, for which use the defendant had a license.

While the plaintiff did not show by any direct evidence that the explosion came from the defendant's trench, there was evidence that on the morning of May 15, before eight o'clock, there was an explosion which jarred the house, broke some glass, and cracked the ceilings; that the sewer was being constructed in Judson Street at the time; "that the explosion appeared to come from the front of the house; that blasting had been going on in Judson Street at different times for about a month" and that on this morning rocks were seen "flying in the air from the direction of Judson Street over the roofs of the houses in the neighborhood of the plaintiff's house and toward his [the witness's] house." The president and treasurer of the defendant company testified that it "did blasting in front of the plaintiff's house," and that he "knew of no other blasting in the vicinity at the time."

While there is very little evidence to show that the blasting or the explosion which injured the plaintiff's house was caused by the defendant, we cannot say there is no evidence tending to establish that fact. The defendant had been using dynamite, the explosion came from the place where the sewer was in process of construction, and there was no other blasting in the vicinity at the time. Upon these facts the jury could find that the explosion occurred in the defendant's sewer.

Apart from the circumstance that the explosion was unusual and extraordinary, there was evidence of the defendant's negligence. It was shown that with a proper blast, properly set, there would be no cracking of walls in the adjoining premises; and, if the plaintiff's building was shaken and the walls and ceilings cracked, as testified to by her, by a blast of the defendant, it would show carelessness of the defendant. The case was for the jury and we find no error of law.

*Exceptions overruled.*