*Municipal Court of the City of Boston*

No. 395702

**MARY M. BALLOU**

v.

**MARINUCCI BROS. & CO., INC.**

(March 22 — April 16, 1957)

*Present*: Adlow, C.J., Barron and Roberts, JJ.

*Adlow, C. J.* Action of tort to recover for damages resulting from blasting operations conducted by the defendant.

*There was evidence that* in June, 1954, the defendant, engaged in the contracting business, was working on the Expressway in the town of Milton. In the course of excavating for an underpass, in the vicinity of East Milton Square, rock was removed by blasting. The house of the plaintiff was between 900 and 1,000 feet from the place where the blasting occurred; that while this work was being done there were on several occasions explosions which caused the house to shake and on one occasion "the house appeared to be lifted off its foundations;" that directly after these explosions cracks in the ceilings and walls appeared; that the foundation moved an inch and that the mortar between the stones in the cellar foundation had become loosened; that prior to these explosions none of these conditions existed, and that as the blasting continued the conditions became worse.

An expert offered by the plaintiff testified that the area in the region of the blasting consisted of a ledge of Cambridge slate covered by sand, gravel, and clay. In his opinion blasting operations would cause vibrations to travel through the rock and be relayed through the sand and gravel, and if the blast was of sufficient intensity it would suffice to carry the vibrations from the locus of the blasting to the plaintiff's house. He further testified that he had seen the cracks in the plaintiff's house and they were consistent with damage resulting from blasting. In addition to the above, he testified that by the use of an accelerometer the amount of vibrations in the earth at any given spot when a blast was set off could be ascertained, and that with the accelerometer small blasts could be used to ascertain how far vibrations would travel in future blastings. He testified that there is a general practice among blasters in communties surrounding greater Boston relative to use

of such instruments; that tests were being made all the time, and that where the tests were made or how many tests were taken varied with the particular circumstances; that if the tests indicated an area where you got destructive vibrations the size of the explosive charge would be reduced and the number of blasts increased. He also testified that in the area concerned blasting without previous tests with an accelerometer would not be proper.

An expert offered by the defendant denied that the course of vibrations could be ascertained for any future blasts by the use of accelerometers. Other evidence of the defendant denied that the vibrations from the blasts travelled as far as the plaintiff's house, although it was admitted that during the period of the blasting the plaintiff, as well as other householders in the neighborhood complained of damage. It was admitted by the defendant that at no time during the blasting did it make any test blasts or use any accelerometers.

At the close of the evidence the defendant requested the court to rule that a finding that the defendant was negligent was not warranted, and, being aggrieved by the court's refusal to so rule and by the finding for the plaintiff, brings this report.

Whether the blasts caused the damages was a question of fact for the court to determine. *O'Regan v. Verrochi*, 325 Mass. 391, 392. It has been urged by the counsel for the defendant that plate glass windows within fifty feet of the scene of these blasts remained undamaged, and he points to this as negativing the likelihood of vibrations carrying through the ground for a distance of 900 to 1,000 feet. Expert testimony, however, indicated that damage is possible at 900 feet from a blast while property nearer to the point of blast remains undamaged. Actually, the defendant's argument ignores the difference between the effect of vibrations communicated through the air and vibrations carried through the ground.

Equally unavailing is the contention that none of the reported cases in this Commonwealth have awarded damages in cases involving blasts at any points further from the locus of the blast than 150 feet. We are not aware of any decisions which limit the rights of those injured to such as are within a defined area. It is sufficient if the damage is caused by vibrations or concussion resulting from blasts negligently set off by the defendant. *Coffey v. West Roxbury Trap Rock Co.*, 229 Mass. 211, 213; *Coughlan v. Grande & Sons, Inc.*, 332 Mass. 464, 467. We cannot consider the element of distance conclusive to the issue. A direct result of an active force is always proximate. See *Beale*: *The Proximate Consequences of an Act*, 33 Harvard Law Rev. 633, 644. Nor are we impressed with the argument that the employment of the accelerometer to ascertain the potential of the ground for transmitting vibrations is cumbersome and impractical. There was evidence that the use of accelerometers was commonplace in Metropolitan Boston whenever blasting was undertaken, and in the opinion of an expert that it would be improper to blast without making such tests.

In our opinion there was ample evidence to support the court's finding of negligence.

*Report dismissed.*

Allan S. Cohen and Max S. Ficksman, both of Boston, for the plaintiff

Sturtevant Burr, of Boston for the defendant