JAMES HUNTER & another *vs.* BERNARD N. FARREN.

Berkshire.    Sept. 9. — Oct. 27, 1879.    ENDICOTT & LORD, JJ., absent.

A person can recover for temporary interruption of his business and loss of time of his workmen, occasioned by the blasting of rock by a contractor on a public work, in the immediate vicinity of the plaintiff's buildings, in such a negligent manner as to throw pieces of rock against the buildings and cause the plaintiff's workmen to leave them under a reasonable apprehension of danger; and a payment of the damage to the buildings is no bar to the action, it being understood by the parties that the damage by interruption of the plaintiff's business was not included in the settlement.

In an action for interruption of the plaintiff's business and loss of time of his workmen, occasioned by the negligent acts of the defendant, the measure of damages is the value to the plaintiff of the work which the defendant's negligence prevented from being done; but, under a declaration alleging merely interruption of the plaintiff's use and occupation of his buildings, he cannot recover compensation for loss of time of men employed in and about·his works but not in the buildings.

TORT. The declaration alleged that the plaintiffs were the owners and occupiers of certain buildings used as a machine-shop'; that they carried on the business of machinists therein, and employed a large number of workmen in said business; that the defendant, with knowledge of that fact, on divers days between May 1 and November 1, 1875, carelessly, negligently and unlawfully blasted rocks in the vicinity of said buildings, and by such blastings caused large stones and rocks to be thrown in, upon and against said buildings, " breaking and causing great damage thereto, and preventing the plaintiffs from occupying or using the same, or pursuing their lawful business therein, and breaking up and ruining the plaintiffs' business therein." Answer: 1. A general denial. 2. That the injuries complained of were caused by the defendant while excavating rock, in a proper and lawful manner, under a contract with a railroad corporation, and in execution of that contract, and that he was not liable therefor. 3. Payment to the plaintiffs for all damages to their buildings.

At the trial in the Superior Court, before *Allen*, J., the plaintiffs introduced evidence tending to show that the defendant, while executing a contract made with the Boston, Hoosac Tunnel & Western Railroad Company, blasted rocks within the located

limits of the Troy & Greenfield Railroad; that while so blasting, pieces of the rock were frequently thrown upon the plaintiffs' premises lying adjacent to the railroad and near to the ledge which the defendant was excavating, and their premises were injured to the amount of several hundred dollars by the stones so thrown; that, upon the happening of any such injury, the defendant promptly adjusted and paid the plaintiffs for all damage to their real estate; that the plaintiffs demanded of the defendant payment for damages occasioned by the interruption of their business and the loss of time of workmen in their employ, but the defendant declined to pay this claim; and that the damage to the buildings was paid for with the understanding that plaintiffs waived no rights to recover for such interruption to their business.

The plaintiffs then offered evidence tending to show that the workmen employed by them in and about their premises, being reasonably apprehensive of danger from flying stones, voluntarily vacated the premises at the time of each blast, notice of which was given by the blowing of·a horn by some one in the defendant's employ, to notify travellers upon a highway immediately adjacent to the ledge. This evidence was objected to by the defendant, on the ground that a claim for compensation for loss of time of workmen was too remote to be recovered; and that, under the pleadings, consequential damages alone could not be recovered. The judge admitted the evidence; and the defendant excepted.

There was a conflict of evidence upon the question whether the defendant, in excavating the rock, used due care.

The plaintiffs testified that the amount of time lost by all their workmen by reason of the defendant's acts was $2158\frac{1}{4}$ hours, the value of which to the plaintiffs was $863.30, being the sum which they would have charged customers for such labor; and that the above number of hours included lost time of workmen employed in and about their works, and loss of time of workmen not employed in the machine-shop.

The defendant asked the judge to instruct the jury as follows: "1. Great latitude of discretion is to be allowed to those who are entrusted with the construction and maintenance of great public works, in the location and mode of construction which

they may adopt to effect the objects and purposes to be accomplished. 2. The plaintiffs cannot recover damages for trespass on the realty, and, failing to recover such damages, they cannot recover for loss of time of workmen. 3. The defendant, having settled the damages to the real estate, is in the same position in this case as though he had not caused any stones to be thrown upon the plaintiffs' premises; and the voluntary leaving by the plaintiffs' workmen of the plaintiffs' premises was an act of pru dence on their part, and the plaintiffs cannot recover compensa tion for loss of time while thus absent. 4. The plaintiffs can recover only the amount actually paid to their workmen, and can only recover for loss of time of the workmen employed in the machine-shop."

The judge declined to give these instructions; " and instructed the jury in substance, that if the parties settled for damages to the real estate only, and understood that the plaintiffs' claim for injury to their business was not included, the plaintiffs might recover in this action damages for occasional and temporary interruptions to their business in the machine-shop, occasioned by the want of due care on the part of the defendant; and that the measure of damages would not be the amount which the plaintiffs paid as wages to their workmen, for the time while they were prevented from working, but the value to the plaintiffs of the work which the defendant's negligence prevented being done."

The jury returned a verdict for the plaintiffs for $1069.77; and the defendant alleged exceptions.

*A. De Wolf,* for the defendant.

*M. Wilcox,* for the plaintiffs.

AMES, J. In this action damages are claimed for negligence and carelessness on the part of the defendant in the doing of certain acts, which he might lawfully do, provided that in doing them he used due and proper care. The verdict of the jury is to the effect that he did not use such care, and that the plaintiffs suffered injury and damage from that cause. As to so much of the damage as consisted of direct and immediate injury to the buildings, compensation has been made, with a distinct reserva tion on the plaintiffs' part that they did not, by accepting that compensation, waive any part of their claim for damages arising

from the interruption of their business. It appeared also that, before each blast, notice was given by the sounding of a horn, upon which, and under a reasonable apprehension of danger, the plaintiffs' workmen immediately left off their work and vacated the buildings, so that the plaintiffs' business suffered much interruption, and they sustained damage for which they have received no compensation. If this damage can be said to be special, and not implied by law from the description of the wrong, it is at least sufficiently averred in the declaration.

The rulings requested by the defendant were properly refused. It may be true, as stated by Bigelow, J., in *Mellen* v. *Western Railroad*, 4 Gray, 301, that "great latitude of discretion is to be allowed to those who are intrusted by law with the erection and maintenance of great public works," but this latitude never has been held to go so far as to afford an excuse for carelessness, negligence or wanton disregard of the rights of individuals. This suit is not an action of trespass *quare clausum*, but in the nature of a special action on the case. The court therefore properly ruled that the adjustment of the damages to the real estate was no bar to the action; it being understood by both parties that the damage by interruption of the plaintiffs' business was not included in the settlement. The plaintiffs' workmen were driven from the building by a reasonable and well-founded apprehension of immediate danger to life and limb, from an act which the defendant was about to commit in a careless and improper manner. The damage to the plaintiffs so occasioned was the natural result, and not a mere remote consequence, of the defendant's want of care. 2 Greenl. Ev. § 254. It was an injury, distinct and separate in its nature from the damage to the building, and not a mere matter in aggravation of that damage. The workmen left the building, not in consequence of the trespass, but to avoid the danger that was expected to be occasioned by a trespass that the defendant was about to commit. The measure of damages would be the value to the plaintiffs of the work which the defendant's negligence prevented from being done.

In giving the rule as to damages, however, the learned judge apparently overlooked the fact that the complaint of the plaintiffs, as set forth in the declaration, is for the interruption of

their use and occupation of the buildings, and for compelling their workmen to vacate the buildings. The verdict apparently includes compensation for the lost time of men employed in and about the works, but not in the building, an item which is not included in the terms of the declaration. For this reason, we find it necessary to order a new trial, not to reopen the question as to the defendant's liability, but upon the computation of damages only.                              *New trial ordered.*