ETHEL N. STEWART *vs.* JOSEPH HANREDDY.

Suffolk.    March 18, 1912. — June 19, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DECOURCY, JJ.

*Equity Pleading and Practice,* Master's report. *Equity Jurisdiction,* To enjoin nuisance.

In a suit in equity the findings of a master in regard to matters of fact have the weight and effect of the verdict of a jury in an action at law and will not be set aside or reversed unless they are plainly wrong.

A suit in equity, to enjoin a nuisance from blasting done by the defendant in the construction of a tunnel for use in connection with water works and to recover damages for injuries to the plaintiff's house and interference with his enjoyment of it, was referred to a master, who upon conflicting evidence and after taking a view of the house and the immediate locality made findings in accordance with the contentions of the plaintiff and reported the evidence before him at the hearing. A decree was entered for the plaintiff awarding damages as found in the master's report. The defendant appealed. He did not complain of any error of law and his contentions raised only questions of fact. *Held,* that on the evidence reported the findings of the master were not plainly wrong, especially when considered in connection with the view that he took and his advantage of seeing the witnesses, but on the contrary were warranted by the evidence.

MORTON, J. This is a bill in equity* to abate a nuisance from blasting caused by the defendant in the construction of a tunnel

---

* Filed in the Superior Court on November 2, 1910. The master was Emery B. Gibbs, Esquire. The decree was made by *Jenney,* J.

in Newton for the Metropolitan Water and Sewerage Board, and to recover damages for the injuries to the plaintiff's dwelling house and for the interference with her comfortable enjoyment of it resulting therefrom. The case was sent to a master and he reported in favor of the plaintiff and assessed damages in the sum of $2,500. The defendant filed exceptions to the report. An interlocutory decree was entered overruling the exceptions and confirming the report, and a final decree was entered in favor of the plaintiff. The defendant appealed from the decree overruling his exceptions to and confirming the master's report, and from the final decree. The evidence was reported and is all before us.

The general rule as to the effect to be given to the findings of a master in relation to matters of fact where he has seen and heard the witnesses is too well settled to require an extended citation of authorities. Such findings will not be set aside or reversed unless they are plainly wrong. They have the weight and effect of a verdict by a jury. *Atherton* v. *Emerson*, 199 Mass. 199. *Kyle* v. *Reynolds*, 211 Mass. 110, 112.

The defendant's contentions, as stated in his brief, are: "1. That the blasting carried on by the defendant did not cause the damage for which recovery is sought. 2. That the damage was clearly the result of certain features of the construction of the house. 3. That the defendant was not negligent in carrying on the blasting." These contentions all present questions of fact.

The defendant does not complain, as we understand him, of any error on the part of the master in regard to the principles of law governing the case. The defendant was bound to exercise reasonable care and skill in blasting out the tunnel, having due regard to the nature of the work and local conditions, and that was the rule which the master applied. *Murphy* v. *Lowell*, 128 Mass. 396. *Booth* v. *Rome, Watertown & Ogdensburg Terminal Railroad*, 140 N. Y. 267. The master found "that under all the circumstances . . . the respondent did not use reasonable care in blasting out the rock in the tunnel; that he did not have proper regard for the rights and property of the complainant; that he was controlled and actuated by a determination to handle the work as economically, profitably and speedily as possible for himself, without due regard for the rights of the complainant." He also found "that the respondent had ample

notice and warning from the complainant and others similarly situated, that damage was being done, and that the complainant was being disturbed and injured in her property by the blasting," but "the respondent made no change in the plans which he had adopted for driving the tunnel and . . . he did not seriously attempt to modify the method of blasting in the tunnel after he was notified of the injury being done." He found further "that the method employed by the respondent, and the manner it was applied, was not, under the conditions then and there existing at Newton, a reasonable and proper way to drive that tunnel." The defendant contended that "the injury to the complainant's house was caused by shrinkage and not by the blasting or by the jar and vibration caused by the blasting;" but the master found that it "was caused by the vibration and shock due to the blasting done by the respondent."

On almost all of the matters of fact involved the parties were widely at variance. The plaintiff contended and introduced evidence tending to show that her house was injured and her comfort disturbed by the blasting; that the house was jarred and caused to vibrate by the blasting operations; that the blasting was conducted in an unreasonable and improper manner and could have been modified without loss of efficiency in the work; and that the defendant had ample notice and warning of the damage that was being done but made no change in his method of tunnelling, but continued to employ the same methods. In addition it should be observed that the contract between the defendant and the sewerage board "required that the blasting shall be conducted with all possible care, so as to avoid injury to persons and property." On the other hand the defendant contended and introduced evidence tending to show that there was no jar or vibration; that the damage to the plaintiff's house was caused by shrinkage and the manner of its construction; that he used all the care and skill that reasonably could be required, having regard to due efficiency in carrying on the work; that he had no reason to believe damage was being done to the plaintiff's house; that he took all proper precautions; and that no change in the method of blasting was possible within proper engineering practice.

The issues thus raised related exclusively to matters of fact. Beside seeing and hearing the witnesses the master states in his

supplemental report that "In addition to the oral evidence and exhibits . . . the other material evidence taken into consideration and which was of great help to me in reaching my conclusions, was the view of the plaintiff's house and the immediate locality which I took at the request of the parties. In this way the condition of the house, the nature of the alleged damage, the location of the plaintiff's house, the situation and location of the houses of other witnesses referred to in the testimony, the location of the tunnel, and especially the geological formation and conditions of the locality, were presented to me in a more satisfactory manner than could have been done by oral evidence. It also enabled me to better understand the oral evidence."

The argument addressed to us by the defendant in his brief relates almost wholly to matters of fact. It comes, it seems to us, in substance to the contention that the master should have believed his witnesses and should have adopted his views regarding the case rather than those of the plaintiff. But that was for the master to decide. We have carefully read and considered the printed report of the evidence. It not only cannot be said that the master's findings were plainly wrong, especially when considered in connection with the view which he took, and with the advantage which he had of seeing the witnesses face to face, but they were, it seems to us, warranted by the evidence.

The result is that the decree must be affirmed, with costs of this appeal.

*So ordered.*

*B. E. Eames,* (*R. B. Hull* with him,) for the defendant.
*F. H. Stewart,* (*J. H. Merrick* with him,) for the plaintiff