GEORGE CREMIDAS *vs.* NATHANIEL W. FENTON & another.

Essex.   January 13, 1916. — March 3, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Nuisance.   Equity Jurisdiction,* To enjoin nuisance.

In a suit in equity against a manufacturer of mattresses to restrain him from maintaining an alleged nuisance in the operation of his factory to the alleged injury of the plaintiff and his family by noise and the vibration of the plaintiff's dwelling house, where it appeared that the neighborhood contained factories, stores and residences, that the plaintiff's house was an old and unsubstantial cottage that would be shaken even by a person walking across the floor, that the defendant had installed in his factory the most modern machinery of its kind which was operated by electricity, the least noisy motive power, and that the circumstances

of operation were not abnormal nor excessive, it was *held,* that the finding of a master, that the defendant was committing no nuisance in the operation of the machinery of his factory and that the plaintiff was not entitled to relief, could not be said as matter of law to be wrong.

BILL IN EQUITY, filed in the Superior Court on September 16, 1914, by the owner and occupant of a cottage house numbered 10 on Marianna Street in Lynn against manufacturers of mattresses maintaining a factory numbered 211 on Fayette Street in Lynn in the rear of and adjoining the plaintiff's premises, to restrain the defendants from continuing an alleged nuisance of noise and vibration injurious to the plaintiff and his family and for damages.

The case was referred to a master, who filed a report in which he made the findings stated in the opinion, and found that the defendants were committing no nuisance in the operation of the machinery in their factory and that the plaintiff was not entitled to the relief sought.

Later the case was heard by *Quinn,* J., who made a final decree that the bill be dismissed, that the defendant Nathaniel W. Fenton recover from the plaintiff costs taxed at $32 and that the defendant Mary A. Fenton recover from the plaintiff costs taxed at $9.74. The plaintiff appealed.

*F. E. Marble,* for the plaintiff.

*N. D. A. Clarke,* for the defendants, submitted a brief.

BRALEY, J. The master not having been ordered to report the evidence, his findings of fact are final. *Taber* v. *Breck,* 192 Mass. 355. But, as he found "that the defendants are committing no nuisance in the operation of the machinery in their factory and that the plaintiff is not entitled to the relief sought," the plaintiff excepted to the master's report on the ground that this result is not sustained by the facts reported.

It appears that the neighborhood where the plaintiff's house and the defendants' factory are located is grouped around the edge of what was formerly known as "bog meadow," covering many acres. The section is not wholly residential, but of a mixed character consisting of factories, stores and residences, one of which the plaintiff owns and occupies as a dwelling house. It is found that he and his wife have been affected in some degree not only by the noise, but by the vibration of the house caused by the defendants. But the operation of the factory being lawful, and the master

upon all the facts reported being convinced that the noise would not be unbearable or injurious to the health of a normal person, no substantial injury warranting the assessment of damages or the issuance of an injunction closing the factory on this ground is shown. *Wade* v. *Miller,* 188 Mass. 6, and cases cited. *Stevens* v. *Rockport Granite Co.* 216 Mass. 486.

It is, however, urged that the plaintiff is entitled to relief for the annoyance and physical effect upon himself and wife and to damages for injury to his property arising from the vibration and jarring of the house in so far as attributable to the defendants' acts. While the fact found by the master, that the passing of heavy wagons or trucks in the street caused the house to oscillate, would be no justification for the defendants, because the public have a right to use the streets and abutters must suffer the annoyance of passing vehicles, yet he also found that the age and unsubstantial construction of the house are such, "that it would shake or jar . . . even by a person walking across the floor" and that this condition is unavoidable unless all operation of the machinery is suspended. If these findings did not appear, we should hesitate to say that of itself the mere character of the soil, which furnishes an unusually susceptible medium for the transmission of the effects of the motive power or mechanical force used at the factory, was sufficient to defeat appropriate relief. *MacNamara* v. *Taft,* 196 Mass. 597. *Hennessy* v. *Carmony,* 5 Dick. 616. But as the defendants "have installed the most modern machinery of its kind and . . . operate it by the least noisy of motive powers, namely, electricity," and the circumstances of operation are expressly stated as not being either abnormal or excessive, we cannot say as matter of law that the master's conclusion is wrong.

The exceptions accordingly must be overruled, but the decree should be modified by the taxation of but one bill of costs and when so modified it is affirmed.

*Ordered accordingly.*