INJA C. STEVENS *vs.* INHABITANTS OF DEDHAM & another.

Norfolk.    March 14, 1921. — May 27, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Blasting. Equity Jurisdiction,* To enjoin injury resulting from blasting, To enjoin continuing trespass. *Municipal Corporations,* Officers and agents.

A suit in equity may be maintained by the owner of certain land in a town, which is near a quarry let to the town in order that it may obtain material for its public ways, against the superintendent of streets of the town, under whose direction blasting operations are being carried on in the quarry, to enjoin him from operating the quarry in such a manner as to cause stones or fragments of stone to fall or be thrown upon the plaintiff's premises and requiring him so to regulate the blasting that the plaintiff's house will not be damaged by vibrations caused by the blasting.

Where, from findings of a master to whom a suit of the above description was referred, it appeared that pieces of rock had fallen on the plaintiff's premises and that some of the " deep blasts " had caused vibrations of a house on the premises, causing cracks to appear in the plastering, and that glass had been cracked in a greenhouse on the premises, the plaintiff is entitled to the remedy sought although the master found that the "operation of the quarry is a valuable asset to the town " and the " blasting operations have now reached a stage which renders it unlikely that any rocks from blasting will be thrown upon the plaintiff's premises during the future operations and the only source from which she may be likely to suffer is through concussion from the larger blasts," and that other houses in the neighborhood had not been shaken.

In the suit above described, the defendant admitted " that the quarry could have been and may be operated in such a manner that rocks would not be thrown upon adjoining premises and that houses in the vicinity would not be shaken." The master found that the probable danger of substantial damage or injury to the

plaintiff from the operation of the quarry would not be commensurate with the injury which would result to the town if it should be obliged to give up the operation of the quarry. *Held,* that such finding of the master did not prevent the plaintiff from having the injunctive relief sought.

BILL IN EQUITY, filed in the Superior Court on March 20, 1920, and afterwards amended, against the town of Dedham and one David H. Livingstone, the superintendent of streets of the town, seeking to enjoin the defendants from damaging the plaintiff's premises by blasting in a nearby quarry and for damages.

The town demurred and the demurrer was sustained. The suit then was referred to a master before whom it proceeded against the defendant superintendent of streets only. Material findings of the master are described in the opinion. After the filing of his report the suit was heard by *Wait,* J., by whose order there were entered an interlocutory decree confirming the master's report and a final decree dismissing the bill; and the plaintiff appealed.

*H. P. L. Partridge,* for the plaintiff.

*C. M. Pratt,* for the defendant Livingstone.

BRALEY, J. The master states that, the demurrer of the defendant town having been sustained, " the case proceeded only against the defendant Livingstone," who is referred to in the report as the defendant. It is settled by *Moynihan* v. *Todd,* 188 Mass. 301, that, even if the defendant was superintendent of streets, he is liable for acts of personal misfeasance in the performance of his duty when operating the quarry leased by the town for the purpose of obtaining material in maintaining its highways. The plaintiff asks for injunctive relief restraining him when quarrying from throwing fragments of rock on to her premises, or causing the house to shake, and its walls to crack.

The general law often has been stated. The defendant undoubtedly had the right to work the quarry to obtain material for making or mending the public ways. But in so doing he was bound to prevent fragments of rock from falling or being thrown upon the plaintiff's land and to take every reasonable precaution that the blasts should not be so violent and successive as to shake or materially injure the house. *Shipley* v. *Fifty Associates,* 106 Mass. 194, 199. *Hunter* v. *Farren,* 127 Mass. 481. *Flynn* v. *Butler,* 189 Mass. 377, 386, 387. *Stewart* v. *Hanreddy,* 212 Mass.

341. *Stevens* v. *Rockport Granite Co.* 216 Mass. 486. See *Cremidas* v. *Fenton,* 223 Mass. 249, 251.

The statements of the master that the " operation of the quarry is a valuable asset to the town" and the " blasting operations have now reached a stage which renders it unlikely that any rocks from blasting will be thrown upon the plaintiff's premises during the future operations and the only source from which she may be likely to suffer is through concussion from the larger blasts," and that other houses in the neighborhood have not been shaken, is neither a justification for what had been done, nor a guaranty against repetition which the plaintiff is bound to accept. It appears from the report that pieces of rock have fallen on the premises, and some of the "deep blasts" have caused vibrations of the house causing cracks to appear in the plastering, and glass has been cracked in the greenhouses.

The further finding that the probable danger of substantial damage or injury to the plaintiff from the operation of the quarry would not be commensurate with the injury which would result to the town if it should be obliged to give up the operation of the quarry, has a bearing only on the question whether the plaintiff should be remitted to an action at law for future wrongs reasonably to be anticipated, or threatened, from the manner in which heretofore the quarry has been continuously operated. But, even if there may be a remedy at law, this is not necessarily an objection, and much less is it a bar to relief by injunction. *Boston & Maine Railroad* v. *Sullivan,* 177 Mass. 230. *Szathmary* v. *Boston & Albany Railroad,* 214 Mass. 42, 45. The defendant, moreover, as the report states, "admits that the quarry could have been and may be operated in such a manner that rocks would not be thrown upon adjoining premises and that houses in the vicinity would not be shaken."

It follows, that the decree dismissing the bill as to the town is affirmed, but as to the defendant it is reversed, and a decree with costs is to be entered enjoining him from so operating the quarry as to cause stones or fragments of stone to fall, or be thrown upon the plaintiff's premises, and so to regulate the blasts that the house will not be damaged by the vibrations. *Wesson* v. *Washburn Iron Co.* 13 Allen, 95. *Boston Ferrule Co.* v. *Hills,* 159 Mass. 147.

*Ordered accordingly.*