## Rebecca Goldman *vs.* George J. Regan.

Suffolk.    November 12, 1923. — February 25, 1924.

Present: Rugg, C.J., Crosby, Pierce, & Carroll, JJ.

*Negligence,* In blasting, Of contractor constructing sewer for municipal corporation.    *Evidence,* Remoteness; Opinion: expert.

Where, at the trial of an action for damage to a house of the plaintiff alleged to have been caused in November, 1914, by blasting conducted by the defendant in front of the house in the construction of a sewer under contract with a city, there was evidence that in July of that year the house was in perfect condition, an exception to a ruling by the trial judge permitting an architect and construction engineer with forty years experience in building, who had testified that he examined the house in February, 1921, to answer a question as to what he observed " around the house, first with reference to plastering," must be overruled where the witness further testified that, if (as there was other evidence tending to show) there had been a violent explosion near the sidewalk in front of the house which caused the plaster and shelves to fall and part of the cellar wall to become broken, such conditions would be noticeable for years provided no permanent repairs were made afterwards; such evidence not being too remote as a matter of law, and being admissible in the discretion of the judge to show the violence of the explosion and also on the question of damages.

The witness above described properly was allowed to state what was required to be done to restore the property to the condition in which it was in July, 1914, and to give his opinion as to the cause of the damage he observed in 1921.

At the trial of an action by a land owner against a contractor laying a sewer in a public street under a contract with a city, for damages caused through alleged negligence of the contractor in the performance of the work, where the jury viewed the premises, evidence, tending to show that, in the course of the work by the contractor, an explosion occurred of such force and violence that the whole house shook and some of the ceilings fell, that the walls were cracked, that the cellar walls were cracked and broken and that much other damage was caused thereby, that the blast was set off on or near the sidewalk in front of the house, and that immediately thereafter a large hole was seen in the street into which a portion of the cellar wall fell, warranted a finding that the plaintiff had sustained the burden, which rested on him, of showing acts of negligence by the contractor and that such negligence contributed to the damage for which recovery was sought; and a motion that a verdict be directed for the defendant properly was denied and a verdict for the plaintiff was warranted.

Tort for damages to real estate of the plaintiff alleged to have been caused by negligence of the defendant while en-

gaged in constructing a sewer in a public street in Boston in front of the premises. Writ dated March 4, 1915.

In the Superior Court, the action was tried before *White*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered for him. The motion was denied. The jury found for the plaintiff in the sum of $1,698.50. The defendant alleged exceptions, which, after the death of *White*, J., were allowed by *Sanderson*, J.

The case was submitted on briefs.

*W. J. Patron*, for the defendant.

*S. L. Bailen*, for the plaintiff.

CROSBY, J. The plaintiff brings this action to recover for damage to her house, caused by the alleged negligence of the defendant while engaged in constructing a sewer in the street.

There was evidence that, in November, 1914, the defendant had been blasting on and near the sidewalk in front of the plaintiff's house for several days; that on one of these occasions there was a violent explosion which shook the house and the plaster from the ceilings in some of the rooms fell; that the walls were cracked; that some of the stones in the cellar walls fell out and the walls became cracked; that the foundation in front of the house was cracked and that other damage resulted from the explosion. There was other evidence to show that in July, 1914, the house was in perfect condition.

One Maney, a witness called by the plaintiff, testified that he was an architect and construction engineer and had had forty years' experience in building; that he examined the house in February, 1921. He was asked what he observed " around the house, first with reference to plastering? " This question was admitted subject to the defendant's exception, his contention being that the evidence was too remote, and that there was no evidence to show that the house was in the same condition in 1921 as at the time of the explosion. We are of opinion that this evidence was not too remote, but was admissible to show the force and violence of the explosion, and also on the question of damages; besides,

this witness further testified that if there was a violent explosion near the sidewalk in front of the house which caused the plaster and shelves to fall and part of the cellar wall to become broken, such conditions would be noticeable for years provided no permanent repairs were afterwards made. Although the admission of this evidence was not preceded by proof that the condition of the house in 1921 was the same as immediately after the explosion, it was rightly admitted, as there was other evidence tending to show that the conditions found were not due to shrinkage or to the natural and usual settling of the house, but were such as would result from a violent explosion near the house, and would be consistent with the explosion described to have occurred in 1914. Whether the evidence was too remote was within the sound discretion of the trial judge, which was not exercised wrongly. *Ferron* v. *King*, 210 Mass. 75, 77, and cases cited. There being evidence tending to show that in July, 1914, before the explosion, the house was in perfect condition, the witness Maney was properly allowed to state what was required to be done to restore it to that condition. The testimony of Maney and Culbert respecting the condition of the building in 1921 and their opinions as to the cause of damage to it were competent.

The defendant's request that a verdict be directed in his favor on the ground that there was no evidence of negligence, was rightly denied. The city of Boston had a legal right to construct sewers in its streets and could do so by its agents or could contract with the defendant to do the work; and the defendant is not liable to the plaintiff for damages caused by blasting necessary to such construction, unless such damages were occasioned by the negligence of the defendant in doing the work. *Murphy* v. *Lowell*, 128 Mass. 396. The burden is on the plaintiff to show some acts of negligence and that such negligence contributed to the result. *Hutchinson* v. *Boston Gas Light Co.* 122 Mass. 219.

In the case at bar it could have been found that on November 14, 1914, when the defendant was blasting with dynamite in the street in front of the plaintiff's house while engaged in constructing the sewer, an explosion occurred of

such force and violence that the whole house shook and some · of the ceilings fell; that the walls were cracked; that the cellar walls were cracked and broken; and that much other damage occurred as the result of the explosion. There was also evidence that the blast was set off on or near the sidewalk in front of the house, and immediately thereafter a large hole was seen in the street into which a portion of the cellar wall fell. The jury viewed the premises and saw the condition of the house, the nature of the alleged damage, the location of the sewer, the place in the street where the alleged blasting occurred, including the distance therefrom to the house; they were warranted in finding upon the evidence, independently of the results of the blast, that the defendant was negligent in blasting the rock in too close proximity to the plaintiff's house, or in using an unduly heavy charge and not protecting it in such manner as not to damage the plaintiff's premises. If, as the defendant contends, the blasting was done without damage to other houses ·in that vicinity, the jury could have found that the dynamite was not exploded so near the other houses, or that the charges were not so heavy as those exploded in front of the house of the plaintiff. If the jury believed the evidence offered by the defendant, that the house had been partially destroyed by fire and was also damaged by water used in its extinguishment, they could have found that it had been repaired and was in good condition in July, 1914. Upon the evidence offered by the plaintiff and the rational inferences which could be drawn therefrom, a finding was not unwarranted that the damage to her property was the result of negligence of the defendant. *Driscoll* v. *Gaffey*, 207 Mass. 102. *Stewart* v. *Hanreddy*, 212 Mass. 340. *Coffey* v. *West Roxbury Trap Rock Co.* 229 Mass. 211.

As the evidence excepted to was properly admitted, and as the case was rightly submitted to the jury, the entry must be

*Exceptions overruled.*