## Schamahorn et al. *v.* Gehlhausen.

[No. 13,115.   Filed October 25, 1928.]

*W. C. Mason* and *R. W. Armstrong,* for appellants.
*W. E. Cox* and *H. M. Kean,* for appellee.

Nichols, C. J.—Action by appellee against appellants for damages to real estate.   The claim for appellee's damage is predicated upon an injury to real estate situated in Perry county, Indiana.   Appellee filed a first, second, third and fourth paragraph of complaint, but, before the beginning of the trial, he dismissed the amended first paragraph, thus leaving in the record the amended second, third and fourth paragraphs of complaint.   The complaint avers in substance that appellants were engaged in constructing a state highway, in Perry county, Indiana, by and in front of the home of appellee, who is a farmer, and whose farm house was situated about 180 yards from such highway; that appellants, while blasting rock along said public highway, caused an excessive amount of dynamite and other ex-

plosives to be placed in holes, and the blast was so powerful that large rocks were thrown upon and against his house, breaking and tearing holes in the roof, that his house was lifted, as a result of said explosion, from its foundation, and that when it settled or dropped down upon its foundation, it was out of line therewith; that it was wrenched and twisted so much that its doors would not open or close; that the window lights were broken, and the sashes and casing of said windows would not fit their place in said building; that all the plastering and wall paper was torn from the walls of said building; that his cellar underneath the house was damaged, and caused to leak water; that his porches were torn loose from the walls, that his house was completely damaged and destroyed, all to his damage in the sum of $3,500.

There was answer in general denial, and the cause was tried by a jury, which returned a verdict for $950, on which judgment was rendered. The error assigned in this court is the action of the court in overruling appellants' motion for a new trial, under which appellant undertakes to present the insufficiency of the evidence, and error in certain instructions.

There was ample evidence from which the jury could and did believe that appellee's house was seriously damaged, and that such damage was the result of the acts of appellants as alleged in the complaint. The fact that appellants were acting under a contract with the highway commission in building the highway past appellee's house did not relieve them of the responsibility of using due care not to injure appellee's property in carrying out the contract, and failing so to do, they must respond in damages for any injuries resulting from their negligence. *Goldman* v. *Regan* (1923), 247 Mass. 492, 142 N. E. 701; *Murphy* v. *Lowell* (1880), 128 Mass. 396, 35 Am. Rep. 381; 25 C. J. (Blasting) 192. We do not need to pass on the question as to whether,

because of the inherently dangerous nature of the explosive used, appellants were liable regardless of the question of their negligence, for here the evidence fully sustains the charge of negligence against them.

Appellants undertook to present error as to instructions under the provisions of §586 Burns 1926. This section provides that: "The court shall indicate before instructing the jury, by memorandum in writing at the close of the instructions so requested the numbers of those given and refused, and such memorandum shall be signed by the trial judge." These steps were not taken. Nothing is therefore presented as to alleged error in giving instructions.

Affirmed.