CLARENCE E. DOLHAM & another vs. ALBERT E. PETERSON.

JACOB HENRICKSON vs. SAME.

Middlesex.     November 4, 1936. — June 28, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Practice, Civil,* Findings by judge; Requests, rulings and instructions.

Findings of fact by a judge of a district court being warranted by evidence reported, no error of law appeared in his refusal of requests for findings contrary thereto.

TWO ACTIONS OF TORT. Writs in the Third District Court of Eastern Middlesex dated December 21 and December 17, 1935.

The actions were heard together by *Maloney,* J., who found for the defendant. A report to the Appellate Division for the Northern District was ordered dismissed. The plaintiffs appealed.

*P. A. Guthrie,* for the plaintiffs.

*J. G. Brackett,* for the defendant.

RUGG, C.J. These two actions of tort were tried together in a district court. The plaintiffs seek to recover for damage alleged to have been caused to their respective houses by blasting operations negligently conducted upon land of the defendant in connection with the necessary removal of a ledge encountered in excavating a cellar for a house erected thereon by the defendant. Much of the evidence at the trial related to cracks in the plastering in the houses of the plaintiffs, some of which were conceded to be the result of settling and shrinkage and to have existed before the blasting was done. It was the contention of the plaintiffs that other cracks were caused by the vibration due to the blasting. There was evidence that the blasting on the land of the defendant was done by an independent contractor through a subcontractor. There was no evidence of any negligence in the way the blasting

was done except so far as it might be inferred from the existence of alleged cracks after the blasting. There was undisputed testimony from the men who did the blasting as to the manner in which it was done, and from an expert to the effect that he attributed all the cracks which he had seen in examining the houses to settlement and shrinkage and not to vibration caused by the blasting. The trial judge took a view at the close of the evidence. He found that the blasting was done by experienced men under a permit granted after the filing of a bond under G. L. (Ter. Ed.) c. 148, § 19, and that they were not negligent in doing the blasting. The trial judge was unable to find that the additional cracks in the plastering of the plaintiffs' houses or any other damage thereto was caused by the blasting. The general finding was for the defendant in each action.

The plaintiffs in the first action made the following requests for rulings of law: "1. Upon all the evidence it appears that the plaintiffs were the owners of a certain dwelling house; that the defendant, in the erection of a building on a nearby lot, carried on blasting operations, by reason of which the dwelling house of the plaintiffs was damaged; that the defendant did not use due care in said blasting operations; that he gave no notice to the plaintiffs of his intention of carrying on said blasting operations; that he took no precautions to prevent injury to the plaintiffs' property; that he was notified that damage was being done to the property of the plaintiffs, but continued nevertheless with said operations, whereby the same damage resulted. The plaintiffs should recover"; "2. From the facts as set forth in paragraph 1, and relying upon same, the court should rule that the building was damaged during the construction work carried on in an adjoining lot, and the plaintiffs should recover"; "3. From the facts set forth in paragraph 1, it would appear in addition thereto that the ridge of rock was such that it required terrific blast to dislodge same, and the defendant was bound to exercise due care, so as not to materially injure the plaintiffs' dwelling"; and "4. The fact that a permit was granted to the defendant to use explosives does not confer

on him a right to blast rock so as to injure the property of the plaintiffs." Like requests for rulings were made by the plaintiff in the second action. The trial judge granted the fourth request and refused the first, second and third requests as dealing with questions of fact rather than of law. The plaintiffs claiming to be aggrieved by "the rulings" and refusals to rule as requested, the trial judge reported "the same" to the Appellate Division for determination. The report contains all the evidence material to the questions reported. The plaintiffs appealed from the decision of the Appellate Division dismissing the report.

On appeals like the present, findings of fact made on oral evidence are not reviewable. *Engel* v. *Checker Taxi Co.* 275 Mass. 471. *Winchester* v. *Missin,* 278 Mass. 427, 428. *Mahoney* v. *Norcross,* 284 Mass. 153. Such an appeal brings before this court for consideration only rulings of law made by the trial judge and reported by him to the Appellate Division and questions of law concerning the action of the Appellate Division thereon. G. L. (Ter. Ed.) c. 231, §§ 108, 109. *Woodman* v. *Haynes,* 289 Mass. 114. *Bresnick* v. *Heath,* 292 Mass. 293, 296. The general finding in favor of the defendant imports the drawing of all rational inferences to support that conclusion which are permissible on the evidence and a finding of all subsidiary facts conducing to that result of which the testimony is susceptible. The credibility of the witnesses is exclusively for the trial judge. *Standard Oil Co. of New York* v. *Malaguti,* 269 Mass. 126, 129. *Topjian* v. *Boston Casing Co. Inc.* 288 Mass. 167. *MacDonald* v. *Adamian,* 294 Mass. 187, 191. A trial judge in these circumstances cannot be compelled to make findings of fact in writing although requests to that end are not infrequent. *Maglio* v. *Lane,* 268 Mass. 135. *Castano* v. *Leone,* 278 Mass. 429, 431.

There was no error on the part of the trial judge in denying the first, second and third requests. They were requests for findings of fact and not for rulings of law. Each was based upon an assumption of facts contrary to the findings of fact made by the trial judge. There was no evidence in the cases at bar that the blasting caused

the throwing of stones or any other missiles upon the premises of the plaintiffs. There was no direct trespass as in *Hakkila* v. *Old Colony Broken Stone & Concrete Co.* 264 Mass. 447. The law applicable to circumstances such as are shown on the present record was stated in *Jenkins* v. *A. G. Tomasello & Son, Inc.* 286 Mass. 180, 186, in these words: "By the common law one carrying on blasting operations is liable for all direct injuries to the person or property of another, but in the absence of negligence is not liable for consequential harm such as is caused by concussion." See 92 Am. L. R. 744, 745, 746, for collection of cases. Whether there was negligence in the doing of the blasting was a question of fact for the trial judge. *Castano* v. *Leone*, 278 Mass. 429, 431. *Goldman* v. *Regan*, 247 Mass. 492, 494. *Weiner* v. *Egleston Amusement Co.* 293 Mass. 83, 86. The burden of proof was on the plaintiffs to show acts of negligence on the part of the defendant which contributed to injury to the plaintiffs. *Goldman* v. *Regan*, 247 Mass. 492, 494. *Hutchinson* v. *Boston Gas Light Co.* 122 Mass. 219. *Stewart* v. *Hanreddy*, 212 Mass. 340. *Coffey* v. *West Roxbury Trap Rock Co.* 229 Mass. 211. *Stevens* v. *Dedham*, 238 Mass. 487, 488. The finding of the trial judge was explicit to the effect that those doing the blasting were not negligent. That finding cannot be set aside. There was evidence to support the finding. *Ashapa* v. *Reed*, 280 Mass. 514, 516. *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207, 216, and cases collected. There was no finding that the plaintiffs sustained any injury as a result of the blasting.

In each case the entry may be

*Order dismissing report affirmed.*