MARY GARRITY O'REGAN *vs.* MICHAEL J. VERROCHI
(and a companion case[1]).

Suffolk.    February 8, 1950. — March 2, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Blasting.    Proximate Cause.    Negligence,* Blasting.

Evidence at the trial of an action for damage to the plaintiff's house alleged to have been caused by the blasting of a large boulder from one hundred twenty-five to one hundred fifty feet distant warranted submission to the jury of the question whether mere concussion or vibrations caused the damage and whether there was negligence on the part of the defendant in conducting the blasting.

TORT.    Writ in the Superior Court dated July 23, 1946.

The action was tried before *Beaudreau,* J.

*James F. Sullivan,* for the defendant.

*D. Stahl,* for the plaintiffs.

RONAN, J.    The plaintiffs have obtained verdicts in their favor in these actions of tort brought to recover for damage to property owned by them as tenants in common which was alleged to have been caused by four blasts conducted by the defendant on the afternoon of February 20, 1945, in removing a large boulder, fourteen to fifteen feet long, twelve feet wide, and three and one half to five feet thick, from an area then being excavated for the erection of a building which was to be two hundred feet long and one

---

[1] The companion case is by Joseph Garrity against the same defendant.

hundred feet wide. The defendant excepted to the denial of his motions for directed verdicts.

One of the plaintiffs testified that her attention was attracted by a noise, and that she went to the back window and witnessed the setting off of four explosions. The last explosion was the loudest of all, and when that occurred "the house shook and appeared to have come up in the back and down in front, and if she hadn't had her arms on the window sill she would have fallen right back on the floor." There was testimony that the boulder which was being blasted was about one hundred twenty-five to one hundred fifty feet from the rear of the plaintiffs' house, and that soon after the blasting various cracks were observed in the foundation walls of the cellar and in the ceilings and side walls of some of the rooms. A contractor who repaired the cellar wall was of the opinion that the damage was due to blasting. There was testimony introduced by the defendant that this damage could not have been caused by these blasts. In this conflict of testimony, the question whether there was a causal connection between the blasts and the damage was properly submitted to the jury. *Driscoll* v. *Gaffey*, 207 Mass. 102, 107. *Stewart* v. *Hanreddy*, 212 Mass. 340, 342–343. *Kendrick* v. *Lynn Sand & Stone Co.* 317 Mass. 737, 738–739.

The principal contention of the defendant is that the evidence is insufficient to establish any negligence on his part. The jury were not required to believe the testimony introduced by the defendant tending to show the various precautions alleged to have been taken by him. They could adopt as true the testimony of the defendant's expert that, "had the dynamiting been done properly, it could not have caused any damage to the house." Where, as here, the plaintiffs are not contending that their property was damaged directly by stones or other debris being cast upon their premises but contend that the damage sustained was consequential in the sense that it was due to concussion or vibrations generated by the blasting, the burden was upon them to show that the damage resulted from the de-

fendant's negligence. *Jenkins* v. *A. G. Tomasello & Son, Inc.* 286 Mass. 180, 186. *Dolham* v. *Peterson,* 297 Mass. 479, 482. Upon the testimony, that issue was for the jury. *Coffey* v. *West Roxbury Trap Rock Co.* 229 Mass. 211. *Stevens* v. *Dedham,* 238 Mass. 487, 488–489. *Goldman* v. *Regan,* 247 Mass. 492, 494.

*Exceptions overruled.*