Cheshire,
No. 4360.

MICHAEL CROCKER *v.* W. W. WYMAN, INC.

Argued December 7, 1954.

Decided December 31, 1954.

*Howard B. Lane* (by brief and orally), for the plaintiff.

*Devine & Millimet* (*Mr. Shane Devine* orally), for the defendant.

DUNCAN, J. The law relating to liability for damages caused by blasting varies with various jurisdictions. See anno. 20 A. L. R. (2d) 1374. By the weight of authority, liability without regard to negligence is imposed for direct injury to property by the casting against it of rocks or other debris from blasting. Where the injury results from concussion or vibration alone, the same .rule is applied in some jurisdictions. *Whitman Hotel Corp.* v. *Company*, 137 Conn. 562; *Hickey* v. *McCabe & Bihler*, 30 R. I. 346; *Federoff* v. *Harrison Constr. Co.*, 362 Pa. 181; *Exner* v. *Sherman Power Const. Co.*, 54 F. (2d) 510. And see, Restatement, Torts, *s.* 519, *s.* 520, *comment* c; Gregory: Trespass to Negligence to Absolute Liability, 37 Va. L. Rev. 359, 380, 395; Prosser, Torts, *s.* 59. In other jurisdictions, notably in New York, proof of negligence is required in the latter class of cases. *Booth* v. *Rome W. & O. T. R. Co.*, 140 N. Y. 267; *Jenkins* v. *A. G. Thomasello & Son, Inc.*, 286 Mass. 180; *Reynolds* v. *Hinman Co.*, 145 Me. 343.

No cases directly in point in this jurisdiction have been found or called to our attention. In *Bassett* v. *Dodge*, 77 N. H. 602, the defendant's motion for a nonsuit was held to have been properly denied in an action to recover for the negligent burning of the plaintiff's building in consequence of a fuse being blown onto a roof by explosion of a charge of dynamite a few yards from the building. The evidence of the defendant's fault was held to present a jury question of "whether the ordinary man would have exploded such a blast, in such a place, in such a way, on such a day, without doing anything whatever to protect the plaintiff's buildings." In *Honnon* v. *Kerr*, 85 N. H. 386, the issue was whether the plaintiff was entitled to an instruction that the defendant was liable for damages caused by the use of dynamite when he had no permit from local authorities to use the dynamite. In entering judgment for the defendant, the court held the statute applicable only to sale, transportation, and storage of dynamite and not to its use in business, commenting that regulation of business use had not been thought necessary. "Careful use is required regardless of the statute, reasonable anticipation of the results of its use is a duty

of care, and care may mean every precaution human ingenuity may suggest. *Blaisdell* v. *Company,* 75 N. H. 497." *Id.,* 388. No claim of absolute liability at common law appears to have been advanced.

In the case before us the plaintiff's declaration alleges negligence, and he recognizes that "probably the absolute liability doctrine is not the law of New Hampshire." *Brown* v. *Collins,* 53 N. H. 442; *Bowdler* v. *Company,* 88 N. H. 331, 333. See Smith, Liability for Damage to Land by Blasting, 33 Harv. L. Rev. 542, 667. The plaintiff argues however that there was evidence of negligence to warrant submission of the case to the jury, and further that the rule of *res ipsa loquitur* should apply, since the dynamite was at all times under the exclusive management and control of the defendant. See *Foss* v. *Baker,* 62 N. H. 247, 249; *McCourt* v. *Travers,* 87 N. H. 185, 186. The doctrine of *res ipsa loquitur* is one which this court had recent occasion to examine in *Smith* v. *Company,* 97 N. H. 522, 524, where its requirements were fully set out. For reasons there indicated it cannot be relied upon to establish causation in this case. See anno. 20 A. L. R. (2d) 1374, *supra,* 1397-1398. The damage to the plaintiff's building, situated as it was adjoining the public highway, obviously could have been caused by some agency or instrumentality other than the dynamite set off by the defendant.

The issue is whether there was evidence upon which a reasonable man could find that the damage resulted from the defendant's conduct and if so, that the conduct was negligent. With respect to the damage alleged to have been discovered in August, we think that there was such evidence. The evidence was that in June, 1952, the building was in good condition, that in July the defendant blasted out a nearby bridge abutment, and that in early August the damage described by the plaintiff and his expert was found to have occurred. The expert was a contractor with thirty years' experience in contracting and in the use of dynamite. He gave it as his opinion that the damage which he saw was caused by "Dynamite. Blasting."

It is true that this evidence was to some extent circumstantial. No eye-witness testified that the blasting and the damage were simultaneous or even nearly so. Such damage could have resulted from other causes. The building was old, and closely adjacent to the highway where it would be subjected to the hazards of public travel and resulting vibration. The issue, however, was one to be determined according to the probabilities.

The failure to more closely identify the time of damage with the time of blasting (see *Weaver* v. *Benson*, 254 S. W. (2d) 95, 97) might affect the weight of the evidence, but it was not necessarily on that account speculative. *Olena* v. *Company*, 82 N. H. 408. *Cf. Nadeau* v. *Stevens*, 79 N. H. 502. The possibility that the blasting caused the damage could reasonably be found "the most probable possibility disclosed by the evidence," and blasting the most probable cause. *Emery* v. *Company*, 89 N. H. 165, 167, and cases cited.

The jury could find from other testimony by the same expert that the blasting operations would have caused no damage if properly conducted, and hence that the blasting was negligently done. The cases of *Parent* v. *Company*, 70 N. H. 199, and *Nadeau* v. *Stevens*, 79 N. H. 502, *supra,* relied upon by the defendant do not require a different conclusion. In the *Parent* case it was held that there was no error in excluding expert testimony where there was no proof of two hypotheses upon which it was based. In the case before us, the witness' assumption that dynamite was exploded was established by proof, and his testimony that the damage was caused by it was based upon his personal observation of the damage done. His testimony that the charge could have been exploded without damage was based upon experience in the use of dynamite and not upon assumptions as to the methods used by the defendant. It is possible that evidence concerning those methods and "just what charges they did use in those abutments" would have led to a finding that the defendant in fact exercised due care. But the opinion of the plaintiff's expert did not require rejection as a matter of law merely because he was ignorant of the procedures actually adopted by the defendant. His opinion that the damage could reasonably have been avoided was competent evidence of lack of care. *O'Regan* v. *Verrochi*, 325 Mass. 391; *Kelly* v. *McKay*, 149 Tex. 343.

In the *Nadeau* case there was no evidence of what caused the accident giving rise to the action, and no evidence tending to make one possibility more probable than another. In the instant case evidence of causation was supplied, as was evidence from which negligence could be found. Since the dynamite was under the exclusive management of the defendant, an inference that such negligence must have been the defendant's, was justified. See *Akerly* v. *Express Agency*, 96 N. H. 396, 403; *McCourt* v. *Travers, supra.*

We conclude therefore that the testimony of the expert that the damage resulted from blasting, the absence of evidence of any blasting other than by the defendant, and the testimony which would warrant a finding that careful use of the dynamite (*Honnon v. Kerr, supra*) would not have caused the injury, furnished a reasonable basis for a finding for the plaintiff. *Coffey* v. *West Roxbury Trap Rock Co.*, 229 Mass. 211; *Goldman* v. *Regan*, 247 Mass. 492; *O'Regan* v. *Verrochi*, 325 Mass. 391, *supra.*

The nonsuit was properly entered with respect to any claim that the additional damage discovered in October resulted from the use of heavy equipment in removing dirt adjoining the building. The plaintiff's expert conceded that there would be no reason to anticipate damage unless machinery was used closer to the building than the "curb line" about five and one-half feet away. It was obvious that he could not say how the dirt was removed. His assertion that it was removed by machinery because he saw a bulldozer "down the road further" and because "they wouldn't take it out by hand" was too speculative to warrant a finding of damage caused by negligent use of machinery in removing the dirt. *Nadeau* v. *Stevens*, 79 N. H. 502, 504; *Ahern* v. *Company*, 88 N. H. 287.

For reasons previously indicated the issue of negligence in blasting should have been submitted to the jury.

*New trial.*

All concurred.