*Third District Court of Eastern Middlesex*

No. 3104 of 1952

*Northern District*

No. 4945

## MYSTIC VALLEY GAS COMPANY

v.

## RUSSELL H. LAWRY

(June 18, 1956)

*Gadsby, P. J.* This is an action of tort in which the plaintiff seeks to recover damages from the defendant based on the following declaration:

The plaintiff says that on or about August 15, 1951 that the defendant, his agents, servants or em-

ployees so carelessly, negligently, wrongfully and unskillfully handled and managed certain blasting operations on or in the vicinity of Oak Hill Drive in the Town of Arlington, Massachusetts, that a cast iron main in the said street was broken by the blast resulting from the said negligent handling and management of the said blasting operations, as a result of which residences furnished with gas service by your plaintiff were deprived of gas service for a long period of time due to pilot outages and by complete shut-offs on the said street and on eleven (11) other streets as a result of which your plaintiff was forced to divert workmen from their usual employment to handle the emergency thus created and was forced to incur additional costs for transportation and materials to restore normal gas service to residences served by your plaintiff on the said streets, that in connection with the said emergency created by the said negligent blasting that it was necessary to force entrance to private property to restore normal gas service in many instances, that in connection with the said emergency that it was necessary for your plaintiff to expend the sum of $514.28 in order to deal with the said emergency according to the account hereto annexed and marked "A", all to the great damage of your plaintiff as in its writ alleged.

"A"

Expense incurred by blasting on Oak Hill Drive, Arlington:

| | |
|---|---|
| Labor | $417.48 |
| Transportation | 60.75 |
| Material | 36.05 |
| Total | $514.28 |

The answer is a general denial, a further answer of contributory negligence, a special plea of the Statute of Limitations and an allegation that the damages to recover for which this action was brought were not done by any person or persons for whose conduct the defendant is or was legally responsible

and therefore the further allegation that the plaintiff is not entitled to recover against the defendant.

The Court found for the defendant and made the following Findings of Fact and Ruling on Requests of Plaintiff:

### FINDINGS OF FACT AND RULING ON REQUESTS OF PLAINTIFF

"This action is for consequential damage by concussion to the plaintiff's gas pipe claimed to have been caused by negligent blasting of rock by the defendant in the Town of Arlington.

I find there was no evidence of the type or amount of explosive used or whether the explosions were simultaneous or in succession. I find upon all the credible and material evidence that the plaintiff has not sustained the burden of proving the defendant, its agents or servants were negligent in the blasting operations complained of.

I deny the plaintiff's requests as inapplicable in view of facts found.

The Court denied the plaintiff's requests numbers 6, 9, 10 and 11, viz:

No. 6.    By the common law one carrying on blasting operations is liable for all direct injuries to the person or property of another, but in the absence of negligence is not liable for consequential harm such as is caused by concussion. *Jenkins v. A. G. Tomasello & Son, Inc.*, 286 Mass. 180, 186; *Dolham v. Peterson*, 297 Mass. 479.

No. 9.    On all the evidence, the weight of the evidence and upon the applicable law, a finding should be entered that the plaintiff has proved that the defendant, his agents, servants or employees caused property damage to property of the plaintiff by blasting operations on the date in question and at the locus involved in this action and that the said damage was a direct result, that is, a direct injury flowing from the

said blasting operations; but if it should be found that the said property damage was caused by concussion flowing from the said blasting operations then the said concussion was caused by negligence of the defendant, his agents, servants or employees in carrying on the said blasting operations, and as first stated, if it should be found that the injury is direct then the said direct injury is wholly due to the negligently carrying on of blasting operations by the defendant, his agents, servants or employees. *Dolham v. Peterson,* 297 Mass. 479 and cases cited.

No. 10. Upon the applicable law, the evidence, and the weight of the evidence, the defendant was acting as an independent contractor engaged in drilling and blasting work for the Town of Arlington during the calendar year 1951.

No. 11. Upon all the applicable law, the evidence, and the weight of the evidence, the plaintiff is entitled to prevail in this action.

The plaintiff claiming to be aggrieved by the Court's denial of its requests numbers 6, 9, 10 and 11, I hereby report the same to the Appellate Division for determination.

/s/ Louis L. Green

Special Justice"

The Court has found upon all the evidence that the plaintiff has not sustained the burden of proving that the defendant, his agents or servants were negligent as alleged by the plaintiff in the blasting operations complained of. The burden of proof rested on the plaintiff. Whether it was established was a pure question of fact. The trial judge might have discredited all the testimony tending to support the plaintiff's contention. *Holton v. Denaro,* 278 Mass. 261 at 262.

It can rarely be ruled as matter of law that the party upon whom rests the burden of proof has maintained his case where the decision rests upon the credibility of oral testimony and the inferences to be drawn from circumstances. *Winchester v. Missin,* 278 Mass. 427 at 428.

The general finding of the trial judge is to stand if warranted in an action at law upon any possible view of the evidence. The general finding is conclusive if there is any evidence to sustain it.

There was no error in the disposition of the plaintiff's requests for rulings of law. They either called for findings of fact which the Court was not required to give or became immaterial in view of the specific findings of fact by the trial judge.

There being no error committed by the trial judge, the report is ordered dismissed.

Sherman Davison, for the plaintiff.

Henry Hellyer for the defendant.