**Harold BROWN and Virginia Brown, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 61–788.**

United States District Court
D. Massachusetts.

June 12, 1964.

------

Sturtevant Burr, Badger, Parrish, Sullivan & Frederick, Boston, Mass., for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., Paul F. Markham, Asst. U. S. Atty., for defendant.

CAFFREY, District Judge.

This is a civil action of tort for negligence in which plaintiffs seek to recover $6754.00 for property damage allegedly caused to their home by so-called "sonic boom" from airplanes of the United States. The complaint recites that on November 3, 1959 employees of the Government negligently operated airplanes in such a manner as to cause "sonic boom" explosions which in turn caused damage to real and personal property of the plaintiffs.

In its answer, the United States denied that its airplanes were negligently operated on November 3, 1959, but admitted that employees acting within the scope of their employment did fly government-owned airplanes in the vicinity of Boston and its suburbs at speeds in excess of the speed of sound on that day. It concedes that plaintiffs own a single-family dwelling located at 263 Hammond Street, Newton, Massachusetts; that on November 3, 1959 a "sonic boom" was caused by one of its airplanes which was piloted by a Government employee acting within the scope of his employment; and that the "sonic boom" caused $78.00 worth of damage to real property of the plaintiffs. In so doing, the Government denies that there was any negligence on the part of its employees involved in the foregoing. Defendant also denies that plaintiffs suffered any damage in excess of the admitted $78.00.

There is no factual merit to the statute of limitations defense pleaded in defendant's answer, nor to the contention that this action is premature by reason of the pendency of an administrative claim. For reasons stated subsequently I do not reach the Government's fourth defense, the so-called discretionary function exception to the Federal Tort Claims Act.

At the trial the plaintiffs, Harold Brown, an attorney, and Virginia Brown, his wife, both testified to the fact that a "sonic boom" occurred on November 3, 1959 at a time when he was at his law office in downtown Boston and Mrs. Brown was in the family home. Both testified in substance that the 17-room house, which they purchased for $40,000 in the spring of 1957, was in excellent physical condition prior to the fall of 1959. Mrs. Brown testified that she was in a downstairs hall when the boom took place, that the house shook and vibrated, and that she underwent a frightening experience. She stated that a picture approximately 2 x 3 feet in size fell from a wall, that window panes were cracked, and that a wall shelf in a downstairs room because tilted to such an extent that antiques positioned thereon fell to the floor and were broken. Both Mr. and Mrs. Brown testified that neither of them can say that the extensive number of cracks in wall and ceiling plaster discovered by them nine days after the "sonic boom" when they made a complete examination of the house in the company of one Schultz, were caused by the "sonic boom" which occurred on November 3, 1959.

On cross-examination both Mr. and Mrs. Brown conceded that they are plaintiffs in an action pending in the Superior Court, Commonwealth of Massachusetts, against their insurer, in which they allege that the damage to the house was caused by "sonic booms" which occurred in August and September 1959 and on November 1 and December 1, 1959. Mr. Brown conceded that the State court case contains an allegation by him that the damage to his home was caused by "sonic booms" on all of the aforementioned dates.

776

Plaintiffs' claim herein must be dismissed for two reasons:

(1) Plaintiffs have failed to offer any evidence as to the standard of care to be observed by persons in a position comparable to that of the pilots of the airplanes involved herein; they have not introduced any evidence whatsoever tending to indicate that there was any negligence on the part of any pilot for whom the United States Government is responsible; and plaintiffs have failed to call to the attention of this Court any case which affords a basis for applying the doctrine of *res ipsa loquitur* to a "sonic boom" situation. Neither the Federal Tort Claims Act nor the laws of Massachusetts where the alleged tort occurred makes the United States an insurer against damages from "sonic booms," and even though airplanes for which the United States Government is responsible caused the "sonic boom" and it in turn caused property damage to plaintiffs, absent any showing of negligence this Court is not prepared to impose liability on the United States. Dalehite v. United States, 346 U.S. 15, 44–45, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); O'Regan v. Verrochi, 325 Mass. 391, 392–393, 90 N.E.2d 671 (1950).

(2) Even assuming in plaintiffs' favor that the doctrine of *res ipsa loquitur* should be invoked, plaintiffs have failed to show that whatever damage in fact occurred to the plastered walls and ceilings of their home was proximately caused by the "sonic boom" on the basis of which this action is founded. Although the complaint alleges "sonic booms" on several dates, at the trial both plaintiffs elected to rest their case on the "sonic boom" which occurred on November 3, 1959. I am not persuaded that it is more likely so than not so that a "sonic boom" on that date caused property damage to plaintiffs' home. Plaintiffs have failed to sustain their burden of proof on the issue of causation.

In view of plaintiffs' failure to discharge their obligations with regard to negligence and proximate cause, it is not necessary to evaluate the extent of the damages alleged herein.

Judgment for the defendant, with costs.