*Northern District*
No. 5969
. **FRANCIS B. DOWNEY**
v.
**FOLEY'S CAFE, INC.**
Filed November 9, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.
Case tried to *Troy, J.* in the Municipal court of Dorchester District. No. 720 of 1961.

*Brooks, P. J.* This is an action of tort for recovery of damages for personal injury suffered by plaintiff as a result of an assault upon him by a customer of defendant. The answer is general denial, contributory negligence, assumption of risk and that plaintiff was a volunteer.

*Evidence most favorable to plaintiff was substantially as follows:*

Plaintiff was an invitee of defendant who had been seated at the bar for at least a couple of hours when another customer, one Gallant, who had been drinking, got into a fight with a third customer by the name of Cain who had not been drinking. Plaintiff "interceded" and apparently suc-

ceeded "in breaking up the fight and went back to his seat at the bar."

Gallant remained on the premises for some ten minutes after plaintiff had returned to his seat continuing to act in a drunken and boisterous manner without, so far as it appears, any objection or action by the bartender. Gallant then attacked plaintiff causing the injuries which are the basis of this action.

The substance of defendant's testimony was that plaintiff's injuries occurred when he initially broke up the fight and that there was no subsequent attack upon him by Gallant.

Defendant filed the following requests for rulings:

1. On all the evidence the finding should be for the defendant.

2. On all the evidence a finding for plaintiff is not warranted.

3. On all the evidence a finding for the defendant is warranted.

4. If the plaintiff voluntarily attempted to intercede or interceded in an argument, altercation, fight or "scuffle" in the tavern owned or operated by the defendant, he is a volunteer and the defendant is not liable for his injuries under the doctrine of *volenti non fit injuria*.

5. The duty of the defendant is to exercise the care which the circumstances reasonably require, and the care to be exercised is

always proportionate to the dangers to be anticipated.

6. A keeper of a tavern is not an insurer of the safety of his patrons, nor is he required by law to forsee and guard against unlikely danger and harm.

7. The plaintiff must show that the defendant knew or should have known as a reasonable man that there was the possibility of trouble or the possibility of physcial violence being perpetrated upon the premises of the defendant, and the defendant is not obliged to go to the extent of exhausting his memory as to all consequences which may result from such a situation.

8. If any type of physical violence erupted upon the premises of the defendant, the plaintiff must show that the defendant knew or should have known that there was a reasonable likelihood of such violence occurring, and in the absence of such knowledge the defendant is not liable for injuries alleged to have been suffered by the plaintiff.

9. If the plaintiff attempted to interfere or intercede in an argument, fight, altercation or other form of physical violence which presented no danger to said plaintiff, he is considered a pure volunteer, and the defendant is not liable under the doctrine of *volenti non fit injuria*.

10. The burden of proof is on the plaintiff to show that the defendant knew or should have known that there was a reasonable likelihood that certain customers of the de-

fendant would reasonably be expected to become physically violent, and that the plaintiff was injured as a proximate result of said violence.

The court denied requests ##1, 2 and 3 and found the following facts:

"That at the time the injuries were inflicted on the plaintiff, said plaintiff was in the exercise of due care and that as a result of the actions of troublesome customer, Gallant, prior to the incident that resulted in the injuries of the plaintiff, the defendant should have known that trouble might ensue from Gallant and did nothing to protect the other customers from injury or harm.

"And found for the plaintiff in the amount of Forty-eight Hundred and Sixty-five Dollars."

Defendant claimed to be aggrieved by the denial of request #3.

It is clear from defendant's brief and from his argument that he is in disagreement primarily with the judge's finding of facts. Defendant maintained that plaintiff was injured when he broke up the fight and that there was no subsequent attack upon him by Gallant. The judge found otherwise and there was sufficient evidence upon which to base such a finding.

It is defendant's contention that because the judge denied defendant's third request without specification or other elaboration, the reason for his finding is obscure. Counsel

cites numerous cases,—all of which are good law but which do not apply to the situation before us.

The judge's finding of fact coupled with his disposition of the requests for rulings clearly indicate the reason for his finding,— also that he understood the principles of law involved. Again we state the defendant's quarrel is not with the judge's law, but his facts. These not being clearly wrong, offer no ground for reversal. *Dolham v. Peterson,* 297 Mass. 479, 481; *Liberty Mutual Ins. Co. v. A. C. Martinelli Plastic Corp.,* 344 Mass. 498, 502; *Hurley v. Noone,* 347 Mass. 182, 199.

*Report dismissed.*

DiMento & Sullivan, of Boston, for the Plaintiff.

Spence, Tick & Matthews, of Boston, for the Defendant.