## MARGARET MURPHY *vs.* CITY OF LOWELL.
## PATRICK MURPHY *vs.* SAME.

Middlesex. Jan. 15. — Feb. 27, 1880. COLT & LORD, JJ., absent.

A city, having the legal right to construct sewers in its streets, is not liable in tort for all damages that may be caused by the blasting of rocks, necessary in such construction, but only for such damages as are occasioned by the carelessness or unskilfulness of its agents in doing the work.

TWO ACTIONS OF TORT. The first was for personal injuries occasioned to the plaintiff by a stone thrown against her from a blast exploded in making excavations in the construction of a sewer in Suffolk Street in Lowell. The second was brought by the husband of the plaintiff in the first case, for loss of services of his wife on account of the same injury, and also for injuries to his dwelling-house from similar blasts.

After the former decision, reported 124 Mass. 564, the cases were tried together in the Superior Court, before *Colburn,* J.; the jury returned a verdict for the defendant in each case; and the plaintiffs alleged exceptions, the material parts of which appear in the opinion.

*F. T. Greenhalge & W. H. Bent,* for the plaintiffs, cited *May* v. *Burdett,* 9 Q. B. 101; *Rylands* v. *Fletcher,* L. R. 3 H. L. 330; *Shipley* v. *Fifty Associates,* 106 Mass. 194; *Jager* v. *Adams,* 123 Mass. 26; *Hay* v. *Cohoes Co.* 2 Comst. 159; *Tremain* v. *Cohoes Co.* 2 Comst. 163.

*G. F. Richardson,* for the defendant.

AMES, J. Under the law of this State, the mayor and aldermen of the defendant city had authority to lay, make and maintain all such main drains and common sewers as they should adjudge to be necessary for the public convenience or the public health. St. 1869, c. 111, § 1. Gen. Sts. c. 48. As there is no suggestion of any irregularity in the formal preliminary proceedings of the board of aldermen, it must be inferred that, in the construction of the sewer in question, the defendant was acting under this general authority and responsibility. An authority conferred upon municipal corporations or officers to determine where drains shall be built is in the nature of a judicial power, involving the exercise of a large discretion, and depending upon

considerations affecting the public health and general conven-
ience. *Emery* v. *Lowell,* 104 Mass. 13, and cases cited. The
fact that the course or route selected will require the blasting of
rocks, thereby subjecting the owners and occupants of adjoining
houses to risk and inconvenience, though proper to be taken into
consideration by the board of aldermen, is not sufficient to
invalidate their decision. The balance of public convenience
may still be in favor of the proposed course; and, at any rate,
the decision of the question is within their authority.

It was ruled at the trial, not merely that the actual construc-
tion of the drain must be performed with reasonable care and
skill, but that the amount of care must be commensurate with
the dangerous nature of the work, that great care must be
taken, and that no precaution must be omitted which careful
men acquainted with the business ought to exercise in relation
to the same. We do not understand that the plaintiffs object to
these instructions, so far as they relate to the manner in which
the work was to be done. Their complaint is that the court
refused to instruct the jury, that, " if the defendant or its agents
knew that these blasting operations would be dangerous and
likely to cause injury to persons or property, notwithstanding
all the precautions that could be taken, and injury did result
from such blasting operations, then the defendant is liable for
all damages resulting from accidents incidental to such opera-
tions, provided the parties injured were exercising due care."
In other words, as it was pressed upon us in the argument, it
was a want of due care at the outset to undertake and enter on
such a dangerous work at all, and the defendant became respon-
sible, in this action, for all accidents. This instruction could
not properly have been given. If the board of aldermen had a
right to say where the sewer should be laid, (as we cannot doubt
they had,) and if the city, in its construction, furnished the
degree of diligence, care and skill described in the ruling of the
presiding judge, no private action of tort can be maintained
against it. The cases cited by the plaintiffs are for the keeping
of dangerous animals, or for wrongs done by one landholder in
improving his own property in such a manner as to injure or
destroy that of his neighbor. They furnish no analogy to the
cases at bar

The rulings of the court as to notice of the blasts, and as to the burden of proof, were such as the plaintiffs requested, and were sufficiently favorable to them. The evidence as to the cause of the injury to the dwelling-house, and as to the exercise of due care by the female plaintiff, was conflicting. The verdict of the jury was given upon proper instructions, and has settled both these points in favor of the defendant.

*Exceptions overruled.*