CHARLES N. BACON vs. CITY OF BOSTON.

Middlesex.    January 15, 1891. — June 25, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, & MORTON, JJ.

*Eminent Domain — Nuisance — Remedy.*

The St. of 1881, c. 303, § 3, empowering the city of Boston, for the protection of its water supply and the abatement of a nuisance, to take land at or near the line of a certain sewer and to construct works for treating the sewage and freeing it from noxious and offensive matters, and providing for compensation for the land so taken, did not authorize the city to create a serious nuisance to the neighboring estate of a private owner by offensive odors and filthy percolations into and through the soil; and such a nuisance, if created, does not constitute a substantial taking of such neighboring estate, compensation for which must be sought under the statute, but recovery therefor may be had in an action of tort for damages.

TWO ACTIONS OF TORT, to recover damages alleged to have been caused to the plaintiff's estate for two successive periods of time between December, 1881, and September, 1884, by offensive odors and filthy percolations through the soil. The cases were tried together in the Superior Court, before *Aldrich*, J., who allowed a bill of exceptions, in substance as follows.

It appeared from the plaintiff's evidence that he was the owner of an estate in Winchester, worth from $25,000 to $40,000, upon which were a dwelling-house and factory for the manufacture of woollen goods; that the city of Boston, claiming to act under the St. of 1881, c. 303,* had taken lands in Winchester

---

* Section 1 of this act directed the city of Boston to cease emptying sewage into the Mystic Lower Pond, unless purified by the city from all offensive and noxious properties and substances, and section 2 directed the city to cause this pond to be cleansed of such impurities as had accumulated therein.

Section 3 is as follows : " The city of Boston is hereby authorized to take and hold, for the time necessary to carry out the provisions of this act, such lands in the towns of Woburn or Winchester, on or near the line of said sewer, as it shall deem necessary, and may construct such canals, basins, tanks, passageways and works as may be necessary to enable said city to treat said sewage and waters, in order to free the said waters of all noxious, dangerous and offensive matter and properties. Said city shall make compensation to the owners for such lands as it shall take under this act, and if

adjoining the plaintiff's estate, and on the line of a sewer which was built by it through Winchester, under the St. of 1875, c. 202, and emptied into the Mystic Lower Pond to the extent of 300,000 or 400,000 gallons of sewage a day; that this sewage had been taken by the city, against the plaintiff's objection, from the sewer into canals, basins, and tanks built by it on the land so taken, in order to treat such sewage so as to free it from noxious and offensive matter; that the sewage thus treated gave forth noxious and offensive odors, which penetrated to the adjoining estate of the plaintiff, and rendered him and many of his workmen ill, and caused them great discomfort; that for about one month, in August, 1883, the plaintiff was obliged to close his factory on account of such odors; that the sewage also percolated through the soil and into the plaintiff's estate, and rendered the water in the wells on the estate unfit for drinking or for manufacturing purposes; and that the plaintiff's estate and the plaintiff's goods were greatly injured both in market value and in prestige.

At the close of the plaintiff's evidence, the defendant, who offered no evidence, requested the judge to rule that the plaintiff could not maintain his action; but the judge refused so to rule, and submitted the case to the jury.

The jury returned a verdict for the plaintiff in each case; and the defendant alleged exceptions.

*A. J. Bailey,* for the defendant.

*B. F. Butler & F. L. Washburn,* for the plaintiff.

ALLEN, J. The St. of 1881, c. 303, § 3, by its true construction, does not authorize the city of Boston to create the nuisance to the plaintiff's land for which he seeks to recover damages. For purposes beneficial to the water supply of Boston, the city was authorized to take such lands in Woburn or Winchester, on or near the line of a sewer, as it should deem necessary, and construct works in order to treat sewage, and free it from noxious and offensive matter and properties. The selection

---

said city and said owners do not agree any person aggrieved shall be entitled to have his damages ascertained by a jury upon petition to the county commissioners of Middlesex County, the proceedings upon which shall be like those provided for the recovery of damages in the taking of lands for highways."

of the lands to be taken, within the prescribed limits, was left to the city. It does not appear that it was necessary to create such a nuisance as the plaintiff has suffered from. We need not consider whether the Legislature had power to authorize such an injury without payment of compensation. The general rule is, that the Legislature may authorize small nuisances without compensation, but not great ones. *Sawyer* v. *Davis*, 136 Mass. 239, 243. But it will not be assumed that the Legislature intended to authorize a nuisance, unless this is the necessary result of the powers granted. *Morse* v. *Worcester*, 139 Mass. 389, 391. *Boston Belting Co.* v. *Boston*, 149 Mass. 44. *Baltimore & Potomac Railroad* v. *Fifth Baptist Church*, 108 U. S. 317. See also *Metropolitan Asylum District* v. *Hill*, 6 App. Cas. 193; *London, Brighton, & South Coast Railway* v. *Truman*, 11 App. Cas. 45; *Cogswell* v. *New York, New Haven, & Hartford Railroad*, 103 N. Y. 10, 21; *Edmondson* v. *Moberly*, 98 Misso. 523. In the statute of 1881, the Legislature enacted that one nuisance should cease, and authorized the taking of lands and construction of works for the purpose of treating sewage, giving a wide discretion as to the selection of the place, it provided for compensation for the taking of the lands, but none for other injury to owners of lands, and upon well established rules it must be deemed that the Legislature did not intend to sanction a serious nuisance to lands not taken.

It is contended by the plaintiff, that the nuisance to his land is such as to amount to a substantial taking of it; to which the defendant replies, that, if so, the plaintiff's sole remedy is under the proceedings provided for in the statute, and not by an action at law. Without going into the vexed question of what sort of a nuisance may amount to a taking of property, it is enough for present purposes to say that here was no taking of the plaintiff's land within the meaning of the St. of 1881, c. 303, § 3. That section only provides compensation for lands actually taken by the city, and does not include compensation for such an injury as was shown in this case. The statutory remedy, therefore, was not open to the plaintiff, and he was left to his action at law.

*Exceptions overruled.*