ALBERT E. BEAMAN *vs.* COMMONWEALTH.

LEWIS R. LINDSEY *vs.* SAME.

Worcester. September 25, October 4, 1939. — November 29, 1939.

Present: FIELD, C.J., DONAHUE, QUA, & COX, JJ.

*Eminent Domain,* Damages. *Damages,* For property taken or damaged under statutory authority.

A carpenter who had no shop but lived and kept his tools and equipment at a place outside the area specified in St. 1927, c. 321, § 5, and the greater part of whose work was carpentry jobs within the area, did not have "an established business on land" in the area within § 5, and could not recover damages thereunder for decrease in the value of his business caused by the carrying out of the provisions of that chapter.

PETITION, filed in the Supreme Judicial Court for the county of Worcester on September 28, 1938, for the reference of claims to a board of referees under St. 1927, c. 321, § 5.

The reference was made and the referees filed reports in which they awarded the petitioners damages. The awards

were disallowed by *Ronan*, J.   The petitioners alleged exceptions and also appealed.

*C. W. Proctor*, for the petitioners.

*P. A. Dever*, Attorney General, & *W. W. O'Donnell*, Assistant Attorney General, for the Commonwealth, submitted a brief.

QUA, J.   These are proceedings under St. 1927, c. 321, § 5, to recover for the decrease in value of the businesses of the respective petitioners caused by the taking for the Quabbin reservoir of a large territory in the region of Swift River.

The statute provides that any person owning "an established business on land" within a defined area, "which business is decreased in .value, whether by loss of custom or otherwise, by the carrying out of the provisions of this act shall be entitled to recover damages . . . ." The question is whether the businesses of the petitioners were "established . . . on land" within the meaning of the statute.

Referees appointed under the act found that the petitioner in each case was a carpenter living in Barre outside of the defined area; that each petitioner took jobs of building, repairing and painting within the defined area; that neither had any shop anywhere, but that each kept his tools and equipment at his home in Barre when he was not using them on his jobs. We assume that the findings are to be construed as meaning that the greater part of the work of each petitioner was performed within the defined area, but there is nothing to show that either petitioner maintained any office or any regular place of business at any particular location within that area. Persons seeking to engage the petitioners to do work came to the petitioners' homes in Barre and also to the various places within the defined area where the petitioners were doing work.

On these findings neither petitioner had an established business "on land" within the defined territory. Significance is attached to the words "on land" as used in the statute. Not only must the business be "established,"

but it must be "on land" within the territory. This means that the business as such must in some manner be located on some particular land capable of being identified as the place of business within the territory. The various premises upon which separate jobs were performed from day to day were not the locations of a business within the meaning of this statute. Perhaps the homes of the petitioners might have served the purpose, but they were not within the defined area.

We recognize the very liberal intent of the statute to mitigate so far as practicable the hardship involved in the destruction of an entire countryside for a great public necessity, but we must not fail to observe the line where the Legislature, in the protection of the public interest, has seen fit to draw it. If these petitioners can recover it is difficult to see why a pedler who was in the habit of traversing the area might not likewise recover. It was not intended to extend the right so far.

These cases are readily distinguishable from *Earle* v. *Commonwealth*, 180 Mass. 579, and *Allen* v. *Commonwealth*, 188 Mass. 59, in each of which the petitioner had a "locally established centre" at a particular place within the area affected.

In each case the exceptions will be overruled and the appeal dismissed. *Procida* v. *Ianiantuani*, 295 Mass. 479. See *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147, 158.

*So ordered.*