Adlow, J.
Two separate actions of tort for injuries to plaintiff resulting from blasting operations on a Federal *376 housing project in Boston. The defendant John Bowen Company was the general contractor on the project. The defendant William J. Hamilton was the sub-contractor engaged to do the necessary blasting. The cases were tried together and consolidated for purpose of review. It was agreed that a bond in the amount of $1500. had been filed with the City Clerk of Boston and that the State Fire Marshal had issued a permit for the blasting. The plaintiff was a laborer who went to the location of the project on Heath Street in Boston on April 21, 22 and 23, 1941 seeking employment. On the occasion of his last visit he had been waiting around the works office about two hours, and had not been hired, when a blast went off and stones hit him. He was injured: At the trial he testified he had received no warning of the blast. Other witnesses for the plaintiff testified that there had been no warning given. The blaster employed by the defendant Hamilton testified that a warning was- given, that two blasts which had previously taken place during the morning had been without incident, that prior to the accident to the plaintiff between 700 and 800 blasts had been set off without mishap on this particular project, that the blast which caused the plaintiff’s injury was set off at a point 120 feet from the office where the plaintiff was standing, that the dynamite charge used on the blast was a light one. The plaintiff filed requests- in both actions.. It is not necessary to set them forth in to to as the issues raised will appear in the opinion.
The court properly refused to rule as requested by the plaintiff that the evidence warranted a finding that the plaintiff was an invitee on the premises. The law in this Commonwealth is clear that one who without invitation, express or implied, goes on premises of another in search of work is a bare licensee. Alessi v. Fitzgerald, 217 Mass. *377 576, 578. The plaintiff’s request that the court rule that the plaintiff can recover in this action if his status is that of a licensee was also properly refused. A licensee takes all the risk as to the condition of the premises on which he enters and the owner owes him no duty except to ohstain from positive wrongful acts which foreseeingly may result in an injury to such person. With respect to such licensee the owner is not liable even for failure to use ordinary care for his safety. Brennan v. Keene, 237 Mass. 556, at 561, O’Brien v. Union Freight Railroad, 209 Mass. 449, 452.
The court refused to rule at the plaintiff’s request that “It is not necessary for the plaintiff to prove an act of negligence by the defendant where the plaintiff is personally injured by blasting of rock that comes in direct contact with his person.” This request was properly refused. While there may he certain jurisdictions where the doctrine of liability without fault is applied to blasting operations (See 33 Harvard Law Review 542-548, 667-687) the usual common law principles predicating liability upon negligence are still applicable in this Commonwealth. Murphy v. Lowell, 128 Mass. 396, Goldman v. Reagan, 247 Mass. 492. See 92 A. L. R. 744.
In our opinion the findings of the court to the effect that the plaintiff was a licensee and the defendant was guilty of no positive wrongful acts which might have been foreseen to do injury to the plaintiff were warranted by the evidence and are conclusive of the plaintiff’s rights.
In the case against the John Bowen Company the court was asked by the plaintiff to rule that “In the performance of a hazardous undertaking such as blasting, the defendant can not delegate authority or supervision and thus hope to avoid liability.” If the plaintiff meant thereby that responsibility in hazardous undertakings is non-delegable *378 and can not be contracted away it is a proper statement of the law. Davido v. Sodekson, 33 App. Div. B. M. C. 300. In view of the findings in the case against Hamilton, however, the propriety of the court’s ruling with respect to this request becomes immaterial.
Reports dismissed.